Avery, J.
The first question presented for our consideration is, whether a case is here made for the exercise of chancery *160 powers, in behalf of the complainants; whether, admitting the truth of all the allegations in the bill, this court can pronounce a decree in their favor, in accordance with the prayer, either for specific or general relief. A court of chancery will not entertain jurisdiction where there is plain, adequate, and complete remedy at law. Does this bill show such a case ? It avers that William A. Huston died seized and possessed of said lot 19, and that the same descended to complainants as his children and heirs at law; that no notice was over given to them of the filing and pendency of either the original or supplemental petition of the administrator for leave to sell the real estate ; that this lot 19 was not included or mentioned in either of the petitions for tho sale of the intestate’s lands. Taking these allegations of the bill to be true, it is very certain that the court of common pleas, then acting as a court of probate, did not exercise jurisdiction, either of the person or land. The sale of this lot 19 was of course void, according to the former decisions of this court; and the remedy was perfect at law, by an action of ejectment. The defendants to this bill now claim a decree upon the principles above recognized. The discussion in the case, however, has turned principally upon another question, which it was supposed might arise ; and that is, in what light a sale is to be viewed to a person who *had acted as one of the appraisers of the property? The inquiry has also been made, whether the principio decided in the case of Armstrong v. Huston’s Heirs, 8 Ohio, 552, is to be considered as correctly settled, according to the authorities ; and if so, whether any effect is to be given to tho act of 1811, intended to make valid all sales of administrators to appraisers, where no actual fraud existed. The court, however, have declined entering, at this time, upon the examination of any of these matters, because the complainant’s case, upon their own showing, is one for which there is ample remedy at law, and for that reason they are not entitled to make their appeal to a court of equity. The bill is dismissed.